```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
STEPHEN DENG, RUOHONG JIANG, ANN        :
ZEMAITIS, MIGUEL SANTIAGO,              :      12cv7803 (DLC)
                                        :
              Plaintiffs,               :      OPINION AND ORDER
                                        :
         -v-                            :
                                        :
278 GRAMERCY PARK GROUP, LLC; KAISH &   :
TAUB DEVELOPMENT LLC; GRAMERCY PARK     :
HOLDINGS LLC; GRAMERCY PARK LAND LLC;   :
BLACK MOUNTAIN DEVELOPMENT, LLC;        :
NORMAN KAISH,                           :
                                        :
              Defendants.               :
                                        :
----------------------------------------X
```

APPEARANCES

For plaintiffs:

Kevin Kerveng Tung
136-20 38th Avenue, Suite 3D
Flushing, NY 11354

For defendant Norman Kaish:

Norman Kaish, pro se
389 Plymouth Street
West Hempstead, NY 11552

DENISE COTE, District Judge:

     This lawsuit arises from an investment made by two couples in a Manhattan real estate development project ("Project"). Plaintiffs lost their entire investments in the Project and have brought claims under the federal securities laws and common law. The corporate defendants -- 278 Gramercy Park Group, LLC, Kaish & Taub Development LLC, Gramercy Park Holdings LLC, Gramercy Park Land LLC, and Black Mountain Development, LLC -- defaulted, and

on May 30, 2014 summary judgment was entered against the sole remaining individual defendant, Norman Kaish ("Kaish"), Deng v. 278 Gramercy Park Grp., LLC ("Deng I"), No. 12cv7803 (DLC), 2014 WL 2440817 (S.D.N.Y. May 30, 2014).

This Opinion disposes of three matters in this litigation: (1) a motion for reconsideration of Deng I; (2) plaintiffs' motion for summary judgment as to the damages Kaish should pay; and (3) a Report and Recommendation ("R&R") from Magistrate Judge Cott resulting from an inquest on damages to be imposed against the corporate defendants, Deng v. 278 Gramercy Park Grp. LLC ("R&R"), No. 12cv7803 (DLC) (JLC), 2014 WL 1016853 (S.D.N.Y. Mar. 14, 2014). Familiarity with the case, as discussed in Deng I and the R&R, is assumed. All shorthand terms used in those Opinions have the same meaning here.

I. Motion for Reconsideration

On June 12, 2014, pro se defendant Kaish moved for reconsideration of Deng I, which granted plaintiffs' motion for summary judgment as to liability on their claim under Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934.[1] A June 17, 2014 Scheduling Order required that any opposition to the motion for reconsideration be served by July 3, 2014 and that any reply be served by July 18, 2014. On July 3, 2014,

---

[1] Kaish also sought to appeal that decision, but the Second Circuit dismissed his appeal because there has been no final order in this case and the requirements of the collateral order

2

plaintiffs filed their opposition.  No reply was filed.  For the reasons explained below, the motion to reconsider is denied.

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted) (addressing a Rule 59 motion).  "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).  It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  Analytical Surveys, 684 F.3d at 52 (citation omitted).  Likewise, a party moving for reconsideration may not "advance new facts, issues, or arguments not previously presented to the Court."  Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc., 265 F.3d 97, 115 (2d Cir. 2001) (citation omitted).  The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court."  Aczel v.

---

doctrine have not been met.

Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Kaish's motion does not satisfy this exacting standard. In brief, he has failed to identify any legitimate ground upon which such relief may be granted.

Kaish's motion relies principally on over three hundred pages of new documentary evidence that he did not submit in opposing summary judgment. As noted, a party may not rely on new facts in moving for reconsideration. Stroh Cos., Inc., 265 F.3d at 115. Virtually all of the evidence Kaish has submitted in support of his motion for reconsideration was reasonably available to him at the time of summary judgment practice and Kaish provides no adequate explanation for his failure to submit it to plaintiffs and the Court at that time.[2] Accordingly, Kaish may not seek reconsideration based on his new evidence.

Moreover, it does not appear that the outcome of Deng I would be altered even if the newly submitted evidence were considered. The bulk of the newly submitted evidence is general and does not directly concern the fraud allegations at issue in Deng I. The one arguably relevant document purports to contain

---

[2] It appears that plaintiffs failed to comply with Local Rule 56.2, requiring both the service and filing of a "Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment." Kaish does not suggest in his present motion, however, that he is submitting new evidence because he did not understand that he was required to submit evidence to oppose summary judgment. Indeed, Kaish submitted evidence to oppose summary judgment. Moreover, Kaish's papers in opposition to the motion for summary judgment on liability indicated that he was aware of his burden to raise a

4

records of transactions by Black Mountain Development, LLC (one of the corporate defendants) from April 2007 to April 2008, although the document is attached to Kaish's motion as an exhibit with no accompanying affidavit attesting to its veracity.  Kaish contends that this one-year snapshot of the developers' "cash account" demonstrates that funds collected through developer fees were directly used to cover expenses of the Project.  But, as plaintiffs note, the time period represented in this "snapshot" does not include the entire period of the fraud.  Significantly, it does not cover 2006, when Zemaitis/Santiago purchased securities.  As noted in Deng I, within three days in November 2006, $880,000 was deposited into the Project's bank account and promptly transferred to corporate entities formed by Kaish and another person.  Deng I, 2014 WL 2440817, at *2.

Striking all arguments based on new evidence from Kaish's motion, Kaish fails to demonstrate any alternative ground for reconsideration.  Kaish does not identify any intervening change of controlling law.  Nor does Kaish point to any critical matters in the summary judgment record that were overlooked.  And to the extent that Kaish contends that this Court committed "clear error," he merely repeats his previous arguments, which were considered and addressed in Deng I.  Finally, Kaish has failed to demonstrate that "manifest injustice" would result from Deng I.

---

genuine question of material fact to oppose summary judgment.

Accordingly, Kaish's motion for reconsideration is denied.

## II.  Motion for Partial Summary Judgment as to Damages

Concurrently with Deng I, a May 30, 2014 Scheduling Order called for plaintiffs' motion for partial summary judgment regarding damages to be served by June 13, 2014, for Kaish's opposition to be served by July 3, 2014, and for a reply to be served by July 18, 2014.  The Scheduling Order also requested that, pursuant to Local Rule 56.2, plaintiffs provide Kaish a "Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment."  On June 13, 2014, plaintiffs filed their motion and the requested notice to Kaish.  No opposition was received.

"If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [and] grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(1)-(2).  To maintain an action under Section 10(b) and Rule 10b-5, plaintiffs bear the burden of showing damages -- namely, economic loss.  See Carpenters Pension Trust Fund of St. Louis v. Barclays PLC, 750 F.3d 227, 232 (2d Cir. 2014).  "Traditionally, economic loss in Section 10(b) cases has been determined by use of the out-of-pocket measure for damages.  Under that measure, a defrauded buyer of securities is entitled to recover only the excess of

6

what he paid over the value of what he got." <u>Acticon AG v. China N. E. Petroleum Holdings Ltd.</u>, 692 F.3d 34, 38 (2d Cir. 2012) (citation omitted).  Section 10(b) plaintiffs may also recover consequential damages for fraud, but "must establish the causal nexus with a good deal of certainty." <u>Zeller v. Bogue Elec. Mfg. Corp.</u>, 476 F.2d 795, 803 (2d Cir. 1973) (Friendly, J.).

Here, "the value of what [plaintiffs] got" was zero:  They purchased securities that were worthless, as the Project was never actually to be completed.  In other words, plaintiffs are entitled to out-of-pocket damages in the amount of the full price paid for the securities: $880,000 for Zemaitis/Santiago and $330,000 for Deng/Jiang.  Zemaitis/Santiago are also entitled to consequential damages of $456,217.91, the amount paid in interest on the mortgage loan they took out to purchase the securities.  These figures are established "with a good deal of certainty" in the exhibits supporting plaintiffs' Rule 56.1 statement of material facts.  Because the undisputed facts show that plaintiffs are entitled to the damages they seek on their Section 10(b) and Rule 10b-5 claims, the motion for summary judgment as to damages on those claims is granted.

III. R&R

On March 14, 2014, Judge Cott issued an R&R recommending that a default judgment be entered against 278 Gramercy Park Group, the principal corporate defendant, on plaintiffs' failure-

to-register claim under Section 5 of the Securities Act, in the amount of $880,000 with respect to Zemaitis/Santiago, and in the amount of $333,000 with respect to Deng/Jiang.  R&R, 2014 WL 1016853, at *21.  He recommended that no punitive damages be granted, but recommended that plaintiffs be awarded pre- and post-judgment interest, attorney's fees in the amount of $15,749.65, and costs in the amount of $575.  Id.  The R&R did not find liability on any of the other claims or against any of the other corporate defendants.  Id. at *12-15.  No objections were made to the R&R within the allotted time.  See Deng I, 2014 WL 2440817, at *4 n.1.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "To accept those portions of a report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  Renaissance Search Partners v. Renaissance Ltd. L.L.C., No. 12cv5638 (DLC), 2013 WL 6840109, at *1 (S.D.N.Y. Dec. 13, 2013).

Here, there is no clear error on the face of the record.  For the reasons set forth in the R&R, a default judgment is entered against 278 Gramercy Park Group on plaintiffs' Section 5 claim.

CONCLUSION

Defendant Kaish's June 12, 2014 motion for reconsideration is denied. Plaintiffs' June 13, 2014 motion for partial summary judgment as to damages is granted. Magistrate Judge Cott's March 14, 2014 R&R is accepted.

The Clerk of Court is directed to enter partial judgment against Kaish equal to the sum of (1) out-of-pocket damages of $880,000 for Zemaitis/Santiago and $330,000 for Deng/Jiang, and (2) consequential damages of $456,217.91 for Zemaitis/Santiago. Pre-judgment interest shall apply at the rate of nine percent per annum from the date plaintiffs incurred the expense of the securities.

The Clerk of Court is further directed to enter default judgment against 278 Gramercy Park Group equal to the sum of (1) $880,000 for Zemaitis/Santiago and $333,000 for Deng/Jiang, with pre-judgment interest at the rate of nine percent per annum from the date plaintiffs incurred the expense of the securities, and post-judgment interest at the federal statutory rate tied to the Treasury yield, (2) $15,749.65 in attorney's fees, and (3) $575 in costs.

With respect to the compensatory awards of $880,000 for Zemaitis/Santiago and $330,000 for Deng/Jiang, plaintiffs are entitled to recover no more than their economic losses, and there shall be no double recovery from both Kaish and 278 Gramercy Park

Group.

Because no objection was filed to the R&R, 278 Gramercy Park Group has waived its right of appeal from the judgment entered against it. United States v. James, 712 F.3d 79, 105 (2d Cir. 2013), cert. denied, 134 S. Ct. 2660 (2014). Plaintiffs shall submit a proposed judgment to the Clerk of Court by October 14, 2014.

SO ORDERED:

Dated:   New York, New York
         October 7, 2014

_____
DENISE COTE
United States District Judge